**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Imagination Products Corp., | ) | Case No.: 26-cv-1205 |
| Plaintiff, | ) | |
| v. | ) | Judge: |
| FORLIVE and BEATIFOYO, | ) | |
| Defendants. | ) | Magistrate Judge: |
| | ) | JURY DEMAND |

**COMPLAINT**

Imagination Products Corp. ("Plaintiff") hereby files this Complaint for trademark infringement and related claims against Defendants FORLIVE and BEATIFOYO, on personal knowledge as to Plaintiff's own activities and on information and belief as to the activities of others:

**THE PARTIES**

1. Plaintiff is a corporation formed under the laws of the State of Illinois with a principal place of business located at 227 West Cedar Street, Chillicothe, Illinois 61523.

2. Defendants are believed to an unincorporated business associations who, upon information and belief, reside in a foreign jurisdiction, namely China. The verified names, identities, and addresses of Defendants are currently unknown.

3. Defendants conduct their illegal operations through fully interactive commercial product sales pages hosted on Amazon.com through the below listed store names and Amazon seller IDs. Defendants infringe Plaintiff's rights by selling and offering for sale orange

colored drain augurs which infringe upon Plaintiff's registered trademark rights. The infringing products are listed by ASIN as shown in the following table:

| Store Name | Seller ID | Infringing ASINs |
|---|---|---|
| FORLIVE | A11ML6KGIYV52C | B07RMHNHYC; B0F9KGN7BV; B0F9K1FKM3; B07RMHNHYC |
| BEATIFOYO | A1O7WFOISGP62U | B0DPZSMZK6 |

4. Defendants target consumers in the United States, including the State of Illinois, and have offered to sell and have sold and continue to sell infringing products through the above ASINs that violate Plaintiff's intellectual property rights ("Infringing Products") to consumers within the United States, including the State of Illinois and the Northern District of Illinois. True and accurate copies of listings illustrating Defendants' Infringing Products are attached as Exhibit 2. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

5. Through the operation of their Amazon store, Defendants offer infringing goods to Illinois consumers and confuse them by using the same color orange as registered by Plaintiff for their competing drain augur products.

6. The infringing products have been shipped into Illinois.

7. Defendants intentionally conceal its identity and the full scope of its counterfeiting operations in an effort to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' illegal infringing operations. The identity of the Defendants are presently unknown.

## JURISDICTION AND VENUE

8. This is an action for trademark counterfeiting and trademark infringement, and unfair competition and false designation or origin arising under the Trademark Act of 1946, 15

U.S.C. §§ 1051, et seq., as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anti-Counterfeiting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act"), and for unlawful and deceptive acts and practices under the laws of the State of Illinois.

9. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a) and (b); and 15 U.S.C. §§ 1116 and 1121l. This Court has jurisdiction, pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367, over Plaintiffs' claims for unlawful and deceptive acts and practices under the laws of the State of Illinois.

10. This Court has personal jurisdiction over Defendants in that Defendants transact business in the State of Illinois and in the Northern District of Illinois.

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 in that the Defendants are entities or individuals subject to personal jurisdiction in this District. Venue is also proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendants directly target business activities towards consumers in the State of Illinois.

## BACKGROUND FACTS

12. Plaintiff is engaged in the business of manufacturing, distributing, and retailing products configured to remove clogs from drains with use of handheld mechanical force. Plaintiff sells its products under the name DRAIN WEASEL. Plaintiff employs a specialized trade dress to identify its products to consumers. This includes utilizing a uniquely identifying orange color on its products. Plaintiff owns a registered trade dress for that orange color

as applied to "hand operated plumbing snakes" under U.S. Trademark Registration No. 7,923,615 ("Registered Trade Dress"). A true and accurate copy of Plaintiff's registration is attached as Exhibit 1.

13. Defendants' sales of products that are similar to Plaintiff's product and utilize Plaintiff's Registered Trade Dress is in violation of Plaintiff's intellectual property rights and are irreparably damaging Plaintiff.

14. Plaintiff is the owner of all rights, title, and interest in and to the Registered Trade Dress. The registration is valid, subsisting, unrevoked, and uncancelled. Plaintiff has evidence demonstrating that consumers link this specific orange color with Plaintiff's offerings and that the Registered Trade Dress for Plaintiff's Products is associated with Plaintiff and indicates origin in the minds of consumers. Examples of authentic products are attached as part of Exhibit 1.

15. Plaintiff's brand, symbolized by the Registered Trade Dress, is a recognized trademark for Plaintiff's Products. As detailed below, Plaintiff has been using the Registered Trade Dress for many years in connection with the advertising and sale of the Plaintiff's Product in interstate commerce, including commerce in the State of Illinois and the Northern District of Illinois.

16. The Registered Trade Dress has been widely promoted, both in the United States and throughout the world. As indicated earlier, the whole of the consuming public associates Registered Trade Dress with Plaintiff, but also recognize that Plaintiff's Products sold in the United States originates exclusively with Plaintiff.

17. Plaintiff's Products bearing the Registered Trade Dress are sold throughout the nation online and through brick-and-mortar retail stores such as Home Depot.

18. Plaintiff maintains quality control standards for all of Plaintiff's products, including those sold under the Registered Trade Dress.

19. The Registered Trade Dress is a highly visible and distinctive worldwide symbol signifying the Plaintiff made those products and, as a result, Plaintiff's Products bearing the Registered Trade Dress have generated millions of dollars in revenue for Plaintiff over the years. Plaintiff's Registered Trade Dress has become a symbol of excellence, and an expectation of quality uniquely associated with Plaintiff.

20. The Registered Trade Dress has never been assigned or licensed to any of the Defendants in this matter.

21. The Registered Trade Dress is a symbol of Plaintiff's quality, reputation, and goodwill and has never been abandoned.

22. Further, Plaintiff has expended substantial time, money, and other resources developing, advertising, marketing, and otherwise promoting the Registered Trade Dress.

23. Upon information and belief, at all times relevant hereto, Defendants in this action have had full knowledge of Plaintiff's ownership of the Registered Trade Dress, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

24. Defendants could have chosen any color for their products, but their choice of the exact color covered by the Registered Trade Dress indicates an intent to infringe upon Plaintiff's accumulated goodwill associated with Plaintiff's Products.

25. Plaintiff has identified the Registered Trade Dress on the Infringing Products and felt the impact of the sale of the Infringing Products designed to resemble Plaintiff's official products utilizing the Registered Trade Dress.

26. Defendants' use of the Registered Trade Dress on or in connection with the advertising, marketing, distribution, offering for sale, and sale of the Infringing Products is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

27. Defendants have manufactured, imported, distributed, offered for sale, and sold Infringing Products using the Registered Trade Dress and continue to do so.

28. Defendants, without authorization or license from Plaintiff, knowingly and willfully used and continue to use the Registered Trade Dress in connection with the advertisement, offer for sale, and sale of the Infringing Products, through, *inter alia*, the Internet. The Infringing Products are not genuine products sold by Plaintiff under the Registered Trade Dress. The Plaintiff did not manufacture, inspect, or package the Infringing Products and did not approve the Infringing Products for sale or distribution. Each Defendant offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Illinois.

29. In addition, the Infringing Products for sale in the Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the Infringing Products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated. Put simply, the Defendants' offerings are all identical to each other and Plaintiffs' and likely originate from the same mold or design.

30. Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling Infringing Products that infringe upon the Registered Trade Dress unless permanently enjoined.

31. Plaintiff has no adequate remedy at law.

## COUNT ONE
## FEDERAL TRADEMARK COUNTERFEITING AND INFRINGMENT
## (15 U.S.C. § 1114)

32. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

33. The Plaintiff's Registered Trade Dress and the goodwill of the business associated with it in the United States and throughout the world are of great and incalculable value. The Mark is highly distinctive and has become universally associated in the public mind with Plaintiff's Product. Consumers associate the Plaintiff's Registered Trade Dress with the Plaintiff as the source of the very highest quality products.

34. Without the Plaintiff's authorization or consent, and having knowledge of the Plaintiff's well-known and prior rights in the Plaintiff's Registered Trade Dress and the fact that Defendants' Infringing Products are sold using mark identical or confusingly similar to the Plaintiff's Registered Trade Dress, the Defendants manufactured, distributed, offered for sale and/or sold the Infringing Products to the consuming public in direct competition with Plaintiff's sale of genuine Plaintiff's Product, in or affecting interstate commerce.

35. Defendants' use of copies or approximations of the Plaintiff's Registered Trade Dress in conjunction with Defendants' Infringing Products is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Infringing Products, and is likely to deceive the public into believing the Infringing Products being sold by Defendants originate from, are associated with or are otherwise authorized by the Plaintiff, all to the damage and detriment of the Plaintiff's reputation, goodwill, and sales.

36. The Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT TWO
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

37. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

38. The Infringing Products sold and offered for sale by Defendants are of the same nature and type as the Plaintiff's products sold and offered for sale by the Plaintiff and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

39. By misappropriating and using the Plaintiff's Registered Trade Dress, Defendants misrepresent and falsely describe to the general public the origin and source of the Infringing Products and create a likelihood of confusion by consumers as to the source of such merchandise because consumers have been associating the color orange with Plaintiff's authentic drain cleaning augurs.

40. Defendants' unlawful, unauthorized, and unlicensed manufacture, distribution, offer for sale, and/or sale of the Infringing Products creates express and implied misrepresentations that the Infringing Products were created, authorized or approved by the Plaintiff, all to Defendants' profit and to the Plaintiff's great damage and injury.

41. Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' use of the Plaintiff's Registered Trade Dress in connection with their goods in interstate commerce, constitutes a false designation of origin and unfair competition.

42. The Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to their goodwill and reputation.

## COUNT THREE
## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES
## (815 ILCS 510)

43. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

44. The Infringing Products sold and offered for sale by Defendants are of the same nature and type as the Plaintiff's products sold and offered for sale by the Plaintiff and, as such, Defendants' use of the Registered Trade Dress is likely to cause confusion to the general purchasing public.

45. By misappropriating and using the Plaintiff's Registered Trade Dress, Defendants misrepresent and falsely describe to the general public the origin and source of the Infringing Products and create a likelihood of confusion by consumers as to the source of such merchandise.

46. Defendants' unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of the Infringing Products creates express and implied misrepresentations that the Infringing Products were created, authorized or approved by the Plaintiff, all to the Defendants' profit and to the Plaintiff's great damage and injury.

47. Defendant's aforesaid acts are in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 et seq., in that Defendant's use of the Plaintiff's Registered Trade Dress in connection with their goods in interstate commerce, constitutes a false designation of origin and unfair competition.

48. Plaintiff has no adequate remedy at law and, if the Defendant's activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against Defendants FORLIVE and BEATIFOYO and in favor of the Plaintiff on all counts as follows:

1. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons in active concert with them be temporarily, preliminarily and permanently enjoined and restrained from:

   (i) using the Plaintiff's Registered Trade Dress or any reproduction, counterfeit, copy or colorable imitation of the Plaintiff's Registered Trade Dress in connection with the distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of the Plaintiff; and

   (ii) passing off, inducing or enabling others to sell or pass off any Infringing Products as genuine products made and/or sold by the Plaintiff; and

   (iii) committing any acts calculated to cause consumers to believe that Defendant's Infringing Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

   (iv) further infringing the Plaintiff's Registered Trade Dress and damaging Plaintiff's goodwill;

   (v) competing unfairly with Plaintiff in any manner;

   (vi) shipping, delivering, holding for sale, distributing, returning, transferring or

        otherwise moving, storing or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and that bear the Registered Trade Dress or any reproductions, counterfeit copies, or colorable imitations thereof;

(vii)   using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the Amazon stores, listings, or any other domain name that is being used to sell or is the means by which Defendants could continue to sell Infringing Products;

(viii)   operating and/or hosting websites at the Amazon stores and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Plaintiff's Registered Trade Dress or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Registered Trade Dress;

(ix)   registering any additional domain names that use or incorporate any of the Plaintiff's Registered Trade Dress; and,

(x)   possessing any product bearing the Plaintiff's Registered Trade Dress or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Registered Trade Dress. As part of compliance with this provision, we ask that Defendants or those who possess Defendants' infringing goods, segregate and destroy infringing goods.

2.     That Defendants, within ten days after service of judgment with notice of entry thereof

upon them, be required to file with the Court and serve upon the Plaintiff's a written report under oath setting forth in detail the manner in which Defendants have complied with any and all injunctive relief ordered by this Court.

3. Entry of an order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any Internet search engines, Webstore hosts or their administrators that are provided with notice of the injunction, cease facilitating access to any or all webstores through which Defendants engage in the sale of Infringing Products using the Plaintiff's Registered Trade Dress;

4. That Defendants account for and pay over to Plaintiff any and all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Registered Trade Dress be increased by a sum not exceeding three times the amount thereof as provided by law as provided by 15 U.S.C. § 1117;

5. That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

6. Grant Plaintiff such other and further legal relief as may be just and proper.

Respectfully Submitted,

Dated: February 3, 2026

By:    /s/ Rishi Nair
Rishi Nair
ARDC # 6305871
Keener and Associates, P.C.
33 N. Dearborn Street, Suite 1000
Chicago, IL 60602
(312) 375-1573
rishi.nair@keenerlegal.com